Filed 12/4/14  P. v. Alves CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060805 |
| v. | (Super.Ct.No. FVA1302052) |
| BRENT D'VAUGHN ALVES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Colin J. Bilash, Judge.  Affirmed.

Thomas K. Macomber, under appointment by the Court of Appeal, and Brent D'Vaughn Alves, in pro. per., for Defendant and Appellant.

No appearance for Respondent.

Defendant and Appellant Brent D'Vaughn Alves pled no contest to possession of methamphetamine (count 1; Health & Saf. Code, § 11378)[1] and possession of marijuana

---

[1]  All further statutory references are to the Health and Safety Code unless otherwise indicated.

(§ 11359). Defendant additionally admitted having suffered two prior narcotics convictions (§ 11370.2, subd. (c)) and four prior prison terms (Pen. Code, § 667.5, subd. (b)). Pursuant to his agreement with the court, and over the People's objection, the court imposed an aggregate sentence of six years' incarceration, suspended, and granted defendant felony probation for three years.

After counsel filed the notice of appeal, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and requesting this court to undertake a review of the entire record. Defendant was offered the opportunity to file a personal supplemental brief, which he has done. In his brief, defendant argues the court erred in denying his section 1538.5 motion, erred in denying his section 995 motion, and that defendant was denied an investigator and adequate law library access. We affirm the judgment.

## FACUTAL AND PROCEDURAL BACKGROUND

On November 13, 2013, a Rialto Police Officer observed defendant in an alley with an open beer can in his hand. As the officer drove closer, defendant placed the can on the curb next to him. Under the City of Rialto Municipal Code it is unlawful for any individual to have an open alcohol container in public. The officer walked up to defendant and asked him for identification. Defendant gave the officer identification. The officer asked defendant what he was doing. Defendant responded he was having a beer. Defendant had a white plastic grocery bag directly at his side which he said belonged to him.

2

The officer ran defendant's name through dispatch and confirmed defendant had three valid misdemeanor warrants for his arrest. The officer placed defendant under arrest, put handcuffs on him, searched his pockets, and put him in the officer's patrol vehicle.

Defendant asked if he could give the white plastic bag containing his possessions to his sister. However, defendant's sister was not at the location of defendant's arrest at that time. Defendant said his CD player and CDs were inside the bag.

The officer searched the bag prior to agreeing to surrender it to defendant's sister in order to ensure nothing illegal or potentially dangerous was inside. The officer also wanted to inventory the contents to ensure all the items were given to defendant's sister to protect against accusations of theft.

Along with defendant's CD player and CDs, the officer found two vials inside the bag containing four baggies of what the officer suspected was marijuana. In addition, the other found a bag containing 14 smaller baggies of what the officers suspected was methamphetamine. The suspected methamphetamine field tested positive for methamphetamine. The officer also found a marijuana cigar or blunt.

The court granted defendant's motion to represent himself prior to the preliminary hearing. Defendant filed a number of motions, including a motion to dismiss, two demurrers, a motion to suppress the evidence, and a motion to set aside the information. The court denied defendant's demurrers and motion to set aside the information.

On January 31, 2014, the court began a hearing on defendant's motion to suppress at which the arresting officer testified. On February 4, 2014, the court continued the

hearing at which defendant and his sister testified. Defendant testified he was sitting on the steps of his apartment adjacent to a private alleyway when the officer contacted him. He was not drinking a beer. The court denied defendant's motions to suppress and dismiss.

On February 11, 2014, over the People's objection, defendant pled no contest to the sheet and to a misdemeanor driving under the influence charge in another case in return for a suspended six-year jail sentence and grant of three years probation.

## DISCUSSION

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>
J.

We concur:

<u>HOLLENHORST</u>
Acting P. J.

<u>RICHLI</u>
J.

4